**THIS IS A CIVIL RIGHTS ACTION**
**UNDER TITLE 42 U.S.C. SECTION 1983 CIVIL RIGHTS ACT**

FILED BY _____ D.C.
FEB 08 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE COUNTY DIVISION**

SIDNEY G. RUBIN,

Civil Division

PLAINTIFF,

Case No._____

To be applied
**JURY TRIAL DEMANDED**

-V-

The City of Miami Beach, a Municipality,
The City of Miami Beach Police Department, a Municipality
MIAMI-DADE COUNTY STATE ATTORNEY OFFICE,
JANET RENO, CHIEF INVESTIGATOR DADE COUNTY
STATE ATTORNEY OFFICE,
KENNETH BEHLE, Assistant investigator DADE COUNTY
STATE ATTORNEY OFFICE,
BENNET BRUMMER, Chief investigator DADE COUNTY PUBLIC
DEFENDER OFFICE,
UNKNOWN, Assistant investigator DADE COUNTY PUBLC DEFENDER OFFICE;
ROBERT I. BARRAR, Investigator/Assistant Public Defender from the Private
Law firm Ellis Rubin,
WILLIAM YOUNG, Detective City of Miami Beach Police Department,
MICHEAL AUCH, Sergeant City of Miami Beach Police Department, and
Six unknown City of Miami Beach Police Officers

DEFENDANT(S).
_____/

## COMPLAINT

**Introduction:**

1.)This is a CIVIL RIGHTS ACTION filed by SIDNEY G. RUBIN **a American private citizen**, seeking compensatory damages; punitive damages; Declaratory judgment and injunctive relief under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. Section 1983 against all of the above named and unknown individual defendants in their own Official capacities and in their own individual capacities; AND OR AGAINST THEIR HEIRS AND OR SUCESSORS. And against the **DADE COUNTY STATE ATTORNEY OFFICE; BENNET BRUMMER**

**PUBLIC DEFENDER OFFICE; THE CITY OF MIAMI BEACH and THE CITY OF MIAMI BEACH POLICE DEPARTMENT.** Jurisdiction is based upon Title 28 U.S.C. Section(s) 1331; 1343; and the pendant jurisdiction of this honorable Court to hear State Law claims.

2.) Under Color of Law and without due process. It is alleged that form October 16, 1989 up to and after January 31, 2019 there has existed a ongoing continuing Corrupt and Nefarious Conspiracy to deprive this Plaintiff a Private Citizen of his Constitutional Rights solely to continue to prevent this plaintiff from filing a Civil Complaint in a State Court of Law against the above defendants for Defamation of character, False Arrest and False Imprisonment. Defendants ongoing active acts continuously violate this Private Citizen Constitutional Rights secured under the 1st, 4th, 5th, 6th and 14th Amendments to the United States Constitution today. Including but not limited to; Plaintiff right to be free from government interference with plaintiff right to access to court.; Plaintiff right to be free from government interference with plaintiff right to Property ; Plaintiff right to substantive and procedural Due Process ; Plaintiff right to equal protection under the law ; Plaintiff right to be free from government intentional infliction of Mental and Emotional distress and anguish in plaintiff mind and body; False Arrest; False Imprisonment Under the first, fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. And defendant(s) perpetuated a Fraud upon plaintiff, and Intentionally defamed plaintiff character without due process.

## PARTIES:

3.) Plaintiff SIDNEY G. RUBIN was at all material times a resident of MIAMI BEACH, Florida and of full age.

4.) Defendant(s):

**A.) MIAMI-DADE COUNTY STATE ATTORNEY OFFICE,**
**JANET RENO, CHIEF INVESTIGATOR DADE COUNTY STATE ATTORNEY OFFICE, KENNETH BEHLE, Assistant investigator DADE COUNTYSTATE ATTORNEY OFFICE,** Defendants' were at all times relevant to this complaint duly appointed and acting official Investigators at the Dade County State Attorney Office acting under color of law; to wit under the Statues; ordinances; regulations; policies; customs and usage of the County of Dade and the State of Florida.

**B.) BENNET BRUMMER PUBLIC DEFENDER OFFICE, Bennet Brummer Chief investigator DADE COUNTY PUBLIC DEFENDER OFFICE,UNKNOWN, Assistant investigator DADE COUNTY PUBLC DEFENDER OFFICE;ROBERT I. BARRAR, Investigator/Assistant Public Defender from the Private Law firm Ellis Rubin,** Defendants' were at all times relevant to this complaint duly appointed and acting official Investigators for the Public Defender Office acting under color of law; to wit under

the Statues; ordinances; regulations; policies; customs and usage of the County of Dade and the State of Florida.

**C.) CITY OF MIAMI BEACH, FLORIDA, A Municipality,CITY OF MIAMI BEACH POLICE DEPARTMENT, A municipality, WILLIAM YOUNG, Detective City of Miami Beach Police Department, MICHEAL AUCH, Sergeant City of Miami Beach Police Department, and Six Unknown City of Miami Beach Police Officers.** Defendants' were at all times relevant to this complaint duly appointed and acting official Investigators For City of Miami Beach and The City of Miami Beach Police Department acting under color of law; to wit under the Statues; ordinances; regulations; policies; customs and usage of the County of Dade and the State of Florida.

## COMPLAINT FACTS

5.) On October 16, 1989 "PREPOSTEROUS ALLEGATIONS" was made at the City of Miami Beach Police Department to defendant(s) Detective William Young and Defendant Sergeant Michael Auch by two Latino youths. Who falsely asserted that " A City of Miami Beach TRAM DRIVER had offered them ten dollars to suck their Dicks".

6.) The above **PREPOSTEROUS** allegations create in the mind that there is some guy lurking around South Miami Beach attempting to lure kids into the ally to perform a lewd and lascivious acts on them for $10.00 dollars.

7.) On October 16, 1989 defendant(s) Detective William Young and Sergeant Michael Auch failed to conduct their own independent investigation to determine the verocity of this gross and highly inflammatory "PREPOSTEROUS ALLEGATON" prior to ordering the arrest of The City of Miami Beach Tram Driver.

8.) A "TRAM" is a chain of four Canopy Covered open Trolly cars pulled by a JEEP. It is operated only inside the South Miami Beach Lincoln Road Mall. It runs in a continuous route back and forth from one end of the mall to the other end of the Mall. Where customers inside the LINCOLN MALL flag-down the TRAM. The Tram never leaves the Mall. ( There exist no passenger seat in the jeep because there exist a Money Receiving Machine there) Where customers insert their money and then go find themselves a seat in one of the four Trolly cars. Each Trolley car maximum capacity is 50 people.

9.) There exist no ability for a passenger to make physical contact with the Tram driver upon boarding or egress.

10.) The distance between the Passenger cars and the jeep and the roar of the JEEP engines makes it impossible to communicate with the driver, and when a passenger want to communicate with the driver. (For example; Like when they want to get off the tram). The passenger must yell!

11.) On October 16, 1989 at 1:30p.m. The Tram (driven by this plaintiff) was undisputably in fact running its normal route inside the crowed Linclon Rd. Mall on South Beach and it was ___full of passengers.___

12.) Any reasonable investigator would have discovered the above facts and thereby clearly would have known that **there existed no substance to the Two Latino kids claim and there was no factual ability for such an event to occur**. And therefor there was no factual basis for a Complaint from the outset.

13.) On October 16, 1989, Defendant City of Miami Beach Police Department Officer(s) Defendant Detective William Young and Defendant Sergeant Michael Auch both rushed to judgment after receiving these gross and highly inflamatory preposterous allegations and did ordered the arrest of the TRAM DRIVER. (The Plaintiff), for two counts of alleged Lewd and lascivious behavior with minors under the age of 16.

14.) On October 16, 1989 Six Unknown City of Miami Beach Police Department Officers Number (1),(2),(3),(4),(5) and (6) did effectuate the illegal Arrest and False imprisonment of the TRAM DRIVER pursuant to the orders of defendant(s) Detective William Young and Defendant Sergeant Michael Auch.

15.) The arrest of the City of Miami Beach tram-Driver did not go well. It left a bitter taste in the mouths of all concern.

16.) However, after the arrest of the TRAM DRIVER. Defendant Detective William Young and Defendant Sergeant Michael Auch both advised the two Latino Youths that they needed these two Latino Youths to file a sworn complaint/Affidavit with the City of Miami Beach Police Department in their own hands swearing under oath that the TRAM DRIVER had in fact offered them Ten dollars to suck their dicks.

17.) On October 16, 1989 The Two Latino youths both refused to swear under oath in writing on a Sworn Complaint/Affidavit that the TRAM DRIVER had in fact offered them ten dollars to suck their dicks. Even after the arrest of the tram driver and even after being ordered to do so by Police Officers William Young and Michael Auch.

18.) On October 16, 1989 this **formal Process came to a screeching hault and this Case was closed as a matter of law by** the **accusers themselves** refusal to swear under oath in a sworn written complaint the tram driver did in fact offer them ten dollars to suck their dicks.

19.) On October 16, 1989, There existed no Lawful basis or Lawful facts upon which the City of Miami Beach Police Department or The State of Florida could ***pick-up*** to establish cause for a Lawful complaint against the City of Miami Beach Tram-Driver. Or continue to detain and restain that City of Miami Beach Tram Driver of his liberties and freedoms.

20.) At all times during the time period between October 16, 1989 and November 15, 1989, defendant City of Miami Beach; defendant City of Miami Beach Police Department; Defendant Detective Willaim Young and Defendant Sergeant Michael Auch; Defendant Miami-Dade County State Attorney Office;  Defendant JANET RENO  a chief investigator for the defendant Dade County State Attorney office; Defendant KENNETH BEHLE a assistant investigator for the defendant Dade County State Attorney Office; Defendant BENNET BRUMMER chief investigator for the Defendant Dade County Public defender office; defendant **UNKNOWN,** Assistant Investigator for defendant Dade county Public Defender Office, and defendant ROBERT I. BARRAR JR. a Assistant Public defender from the Private law firm of Ellis Rubin. Each personally knew from their own independent investigation that their existed no "Formal Sworn Complaint/Affidavit" from anyone asserting that the TRAM DRIVER/Plaintiff had offered anyone Ten Dollars to suck their dicks.

21.) From October 16, 1989 up to ( January 31, 2019 ) and or up to this present date the TRAM DRIVER has never been released from this Unlawful Restraint by the above defendants. Causing plaintiff to suffer continuous ongoing unduly mental and emotional distress and anguish in his mind and body.  Without due process.

22.) At  all times during the above events described. The defendants' have continuously assisted each other in performing the various actions described and lent their physical presence and support of their office during these said  events.

23.) The acts and omissions of the above named and unknown individual defendant(s) violated the following clearly established and well settled Federal Constitutional Rights of the Plaintiff, defendants knew and or should have known:

a.) The right to be Freedom from Unreasonable seizures of Plaintiff person.
b.) The right to be free from government interference with plaintiff right to Property.
c.) The right to be free from government interference with plaintiff right to access to court
d.) The right to be free from government intentional infliction of Mental and Emotional distress and anguish in plaintiff mind and body
e.) The right to be free from illegal and false arrest

f.) The right to be free from false imprisonment.
g.) The right to be free from illegal restraint on plaintiff liberties and freedoms.
h.) The right to reasonably effective assistance of Counsel

24.) As a direct and proximate result of the continuous said acts and omissions of the above named and unknown individual defendant(s) and Entities. Plaintiff suffered the following injuries and damages:

A.) Violations of plaintiff right to be Free from Unreasonable seizures of Plaintiff person.
B.) Violations of plaintiff right to be free from government interference with plaintiff right to access to court.
C.) Violations of Plaintiff right to file a Civil Action in a State Court of law.
D.) Violations of Plaintiff right to counsel.
E.) Violations of plaintiff right to be free from government interference with plaintiff right to Property
F.) Violations of plaintiff right to substantive and procedural Due Process.
G.) Violations of plaintiff right to equal protection under the law.
H.) Violations of Plaintiff right to be free from government intentional infliction of Mental and Emotional distress and anguish in plaintiff mind and body
I.) Loss of Liberty
J.) Violations of plaintiff right to be free from Government intentional illegal restraints upon plaintiff liberties and freedoms.

## C L A I M S :

### FIRST CAUSE OF ACTION
### Title 42 U.S. C. Section 1983 Claim against all individual defendant(s) and Entities for FALSE ARREST:

25.) Plaintiff submit paragraphs 1 through 24 are incorporated herein as though fully set forth.

26.) The Defendant City of Miami Beach; Defendant City of Miami Beach Police Department; Defendant Detective William Young; Defendant Sergeant Michael Auch and Six Unknown Police officers 1,2,3,4,5, and 6 falsely arrested plaintiff on October 16, 1989 using a Fake Police Report. Defendants acts deprived plaintiff of his right to be free from unreasonable seizures of his person and the right to be free from intentional false arrest. In violation of the Plaintiff rights, immunites and privileges secured under the 4th, 5th, and 14th Amendment to the united States Constitution. Under color of law and without due process.

## SECOND CAUSE OF ACTION
### Title 42 U.S. C. Section 1983 Claim against all individual defendant(s) and Entities for FALSE IMPRISONMENT:

27.) Plaintiff submit paragraphs 1 through 24 are incorporated herein as though fully set forth.

28.) The Defendant City of Miami Beach; Defendant City of Miami Beach Police Department; Defendant Detective William Young; Defendant Sergeant Michael Auch and Six Unknown Police officers 1,2,3,4,5, and 6 falsely IMPRISONED plaintiff on October 16, 1989 using a Fake Police Report. Defendants acts deprived plaintiff of his right to be free from unreasonable seizures of his person and the right to be free from intentional false FALSE IMPRISONMENT. In violation of the Plaintiff rights, immunites and privileges secured under the 4th, 5th, and 14th Amendment to the United States Constitution. Under color of law and without due process.

## THIRD CAUSE OF ACTION
### Title 42 U.S.C. Section 1983 Claim against all individual defendants and entities for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

29.) Plaintiff submit paragraphs 1 through 24 are incorporated herein as though fully set forth.

30.) To prevent plaintiff from invoking his right to sue for Defamation of charater, False Arrest and False imprisonment defendants branded plaintiff a sexual predator for more than 28 years causing plaintiff unduly humiliation and embarrassment for over 28 years. Defendants collective acts deprived plaintiff of his liberty interests in violation of the 5 th and 14th Amendment to the United States Constitution. Under color of law and without due process.

## FOURTH CAUSE OF ACTION
### Title 42 U.S. C. Section 1983 Claim against all Individual Defendants and all name Entities FOR A CONTINUING CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS

31.) Plaintiff submit paragraphs 1through 24 are incorporated herein as though fully set forth.

32.) Plaintiff Sidney G. Rubin claims damages for the injuries set forth ABOVE under title 42 U.S. C. Section 1983 against all individual defendants for their participation in a ongoing continuing conspiracy to deprive plaintiff of his constitutional rights from October 16, 1989 up to and after January 31, 2019.To prevent plaintiff from invoking his Constitutional Right to seek redress in a State Court of law for False Arrest, False Imprisonment and Defamation of Character. In violation of plaintiff procedural and substantive due process rights secured under the 1st  4th 5th 6th and 14th Amendments to the United States Constitution without due process and under color of law. Including but not limited to the plaintiff right to be Free from Unreasonable seizures of Plaintiff person;  plaintiff right to be free from government interference with plaintiff right to access to court; plaintiff right to be free from government interference with plaintiff right to Property; plaintiff substantive and procedural Due Process rights; plaintiff right to equal protection under the law; Plaintiff right to be free from government intentional infliction of Mental and Emotional distress and anguish in plaintiff mind and body.

## Count # 5 DEFAMATION OF CHARACTER

33.) Plaintiff submit paragraphs 1through 24 are incorporated herein as though fully set forth.

34.) By intentionally Branding plaintiff a sexual predator to prevent plaintiff from invoking his constitutional right to seek redress in a State court of law for defamation of character, false Arrest and false imprisonment. Defendants committed Defamation of Character.

35.) As a result of defendants Defamation of Character plaintiff, suffered damages as aforesaid.

## RELIEF REQUESTED:

**WHEREFORE,** the plaintiff request that this honorable Court GRANT PLAINTIFF THE FOLLOWING RELIEF:

a.) Award compensatory damages to plaintiff against Each Entity; and each individual defendant in their official capacities in the amount of $2,000,000.00 thousand dollars plus taxes and interest for each cause of action 1 through 4.
b.) Award compensatory damages to plaintiff against Each Entity and each individual defendant in their individual capacity in the amount of $2,000,000.00 Million dollars plus taxes and interest for each count 1 through 4.
c.) Award plaintiff compensatory damages for Defamation of Character in the amount of $500,000.oo dollars against each defendants.
d.) Award Punitive damages to plaintiff against all individual defendants' in their individual capacities in the amount of $6,000,000. 00
e.) Award plaintiff compensatory damages against each entity and each defendants for intentional defamation of character in the amount of $200,000. 00 dollars.
f.) Award plaintiff a order declaring defendants are engaged in a LAWLESS PROCESS.
g.) Award plaintiff a permanent injunction ordering defendants to stop and decease said Lawless process.
h.) Award cost of this Action to the plaintiff.
i.) Award reasonable Attorney fees on all counts
j.) Award such other and further relief as this court may deem PROPER AND JUST.

The plaintiff hereby demands a jury trial.
Date:

The Plaintiff

_____
Counsel of record:

**In the State of Florida**

**In the County of Miami-Dade**

### SWORN AFFIDAVIT OF PLAINTIFF

Plaintiff SIDNEY G. RUBIN hereby swear under oath and the penalty of perjury that the contents of this complaint is true and correct and his based upon my own personal knowledge and belief. In Lieu of a notary public I affix my signature below in attestation of the above oath. On this ____ day of FEBURARY 6 2019

S _____
Signature of Affaint: Mr. SIDNEY G. RUBIN

P.O. BOX 191654
WASHINGTON AVENUE
MIAMI BEACH FLORIDA 33139